MABEL D. DYMOTT, as Executrix, etc., of CHARLES W. DYMOTT, Deceased, Plaintiff, v. THE CITY OF NEW YORK, Respondent; STATEN ISLAND COACH COMPANY, INC., and TOMPKINS BUS CORPORATION, Appellants.— Order reversed on the law, with ten dollars costs and disbursements, and motion of defendant Tompkins Bus Corporation to dismiss as against it the cross-complaint set up in the answer of defendant The City of New York granted, with ten dollars costs. In our opinion, the two covenants or sections of the franchise upon which the city relies are insufficient upon which to predicate the bus corporation's liability

over to the city for the accident. The first covenant does not impose any duty upon the bus corporation to remove snow and ice. The only duty cast upon it is to do everything in its power to maintain the operation of its buses on regular schedule despite the existence of snow and ice in the streets. As incidental to this duty and only when necessary for its proper performance, the bus corporation is required " to plow and/or move any of such snow and ice from any part of the roadway." It is not required to remove the snow and ice but only to move it out of the path of the buses, and, even then, only to the extent of clearing such impediments when they interfere with the regular and timely operation of the buses in the winter months. With regard to the second covenant, its fair and common sense meaning is that the bus corporation shall indemnify the city for any liability which may arise or be imposed upon the city by reason of the actual use or maintenance of the buses. It has no relation to any liability which may arise by reason of the use or maintenance of the streets traversed by a passenger or pedestrian before boarding or after alighting from a bus. To hold otherwise would be to nullify the first covenant mentioned above. We also disagree with the Special Term in its holding that the accident occurred by reason of the unsafe condition of an approach which is indispensable to the operation of the buses and, hence, the accident is one " ' growing out of the operation or maintenance of omnibuses ' within the purview of the liability assumed by the " bus corporation. For aught that the record discloses, there is no such appurtenance to the buses as a fixed approach for prospective passengers as there might be for a bridge or surface railroad. Passengers may approach the buses from any direction at innumerable points along the various routes. Every street corner or stopping place may be considered an approach. Under the franchise there is no more duty on the part of the bus corporation to keep the approach at one particular point free of snow and ice than there is to keep the approaches free at the various other points. Liability for negligence in maintaining the public highway has no connection with the operation and maintenance of the buses. Lazansky, P. J., Carswell, Johnston and Close, JJ., concur; Davis, J., dissents on the ground that it may not be determined on this record, as a matter of law, whether there is liability over by the bus corporation to the city. The question should await the development of proof on the trial. It may be that the practical construction given by the parties to the contract represented by the franchise, has fixed their rights and liabilities. The record does not disclose either the location of the accident with any degree of precision or the nature and extent of the acts of the bus corporation in removing the snow at the location in question for the convenience of its passengers or the benefit of the public.